[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was instituted in June of 1989.
Plaintiffs, husband and wife, are the owners of a lot described as Lot 7 West Woods Ridge subdivision in Hamden, Connecticut. This property fronts on Serafin Court and is known as 80 Serafin Court. The defendants are owners of Lot 8 in this subdivision. Lot 8 is known as 83 Serafin Court. Lot 8 is located south of Lot 7; the northwesterly boundary of Lot 8 is the southeasterly boundary of Lot 7. This boundary line extends easterly from Serafin Court a distance of 269.22 feet. The slope of the land before any improvements on the land in the vicinity of this boundary was from south to north. Both Lot 7 and Lot 8 are subject to an easement dated March 15, 1988. Each received the benefit and was subject by deed to a mutual easement by and between Donald J. Rondini and Marie V. Rondini and William Krassner, dated March 15, 1988 and recorded in Volume 897, at page 272 of the Hamden land records. This easement created a drainage swale measuring 5 feet in width and 248.21 feet in length on each lot along the common boundary for the purpose of controlling the flow of water. (Def. Exhibit No. 1).
The plaintiffs acquired title to Lot 7 in August of 1987. On March 15, 1988, they created the easement affecting the boundary line between their Lot 7 and Lot 8 in agreement with one Krassner, the predecessor in title to Lot 8. Krassner conveyed Lot 8 to defendants in June of 1988 subject to this easement. When plaintiffs acquired title to Lot 7, the lot was fairly level but below the overall grade of Lot 8. During 1987 and early 1988 plaintiffs cleared their lot preparatory to construction of their dwelling. During this period of time the natural flow of water from defendant's property, descending southerly created no problem for the plaintiffs. Plaintiffs commenced building their dwelling in early 1988. By July 1988 the plaintiffs' garage foundation was in place. Defendants commenced building their dwelling and garage in July of 1988. On or about September 1, 1988, the defendants began filling in their land along the entire distance of their common boundary with plaintiffs. This filling increased and altered the natural slope of the landscape between the lots by CT Page 5097 approximately ten vertical feet. This construction also destroyed the natural cover of the land and filled and impaired the water control swale benefitting [benefiting] plaintiffs' property. During the course of construction on Lot 8 the defendant's agent moved fill on to plaintiffs' lot encroaching approximately 25 feet on Lot 7. The quantity of fill pushed on to plaintiffs' lot was extensive at certain points rising to a height of 15 feet. Plaintiffs were required to cut a 12-foot path into this fill to continue work on the construction of their house and to employ a contractor to remove quantities of this fill.
As a result of defendant's construction the grade between Lot 8 Lot 7 was considerably increased causing an increase in surface water to flow on and over Lot 7. This water eroded the slope and caused dirt, debris and rock to wash over plaintiff's driveway and front yard. The plaintiffs were unable to stabilize their property to install a lawn or paved driveway until they installed a retaining wall with drainage along the boundary.
The court finds that plaintiffs have proved the essential allegations of their complaint despite the vigorous denials by defendants. The court further finds that defendants have failed in their burden of proof on their special defense. As a result of the inappropriate increases in the grade between the properties resulting from defendants' construction, the plaintiffs sustained damages as follows:
 Removal of fill improperly $ 750.00 placed on their land
 Construction of a retaining wall 4,400.00 and drainage
 Reinstallation of drainage 300.00 swale on Lot 7
 Cleanup labor performed by plaintiffs 500.00 --------- $5,950.00
Judgment may enter for the plaintiffs in the amount of $5,950.00 plus costs.
DORSEY, JUDGE CT Page 5098